**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38989**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 456** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 30, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALPHA OMEGA ALLEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Order relinquishing jurisdiction and reducing sentence to a unified term of six years, with two years determinate, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in relinquishing jurisdiction and refusing to grant probation. We are also asked to review a reduced sentence of a unified term of six years, with two years determinate, for unlawful possession of a firearm and to being a persistent violator. We affirm.

Alpha Omega Allen entered an *Alford*[1] plea to unlawful possession of a firearm and to being a persistent violator. Idaho Code §§ 18-3316, 19-2514. Following his plea, the district

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

court sentenced Allen to a unified term of ten years, with three years determinate. The district court retained jurisdiction, and Allen was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

After Allen completed evaluation at NICI, the jurisdictional review committee recommended that the district court relinquish jurisdiction. The district court relinquished jurisdiction and, pursuant to Idaho Criminal Rule 35, reduced Allen's sentence to a unified term of ten years, with two years determinate. Allen filed an Idaho Criminal Rule 35 motion for reduction of sentence and filed an appeal from the order relinquishing jurisdiction and reducing his sentence. The district court granted the Rule 35 motion and further reduced Allen's sentence to a unified term of six years, with two years determinate.

On appeal, Allen contends the district court erred by relinquishing jurisdiction and refusing to grant probation because he was deprived of a meaningful opportunity to succeed in the rider program due to racism. He also argues that the twice reduced sentence of a unified term of six years, with two years determinate, is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows the district court properly considered the information before it and determined that probation was not appropriate. In considering Allen's allegations of racism while at the rider program, the district court found Allen's testimony was not credible:

> [T]he conclusion I've come to is that your testimony is the wrongs that have been alleged to have been committed, particularly by the staff and otherwise, that your testimony is simply not credible.
>
> The other thing that seems to me is apparent that I feel you didn't take the rider seriously. The repeated problems you've had down there just show me that you were someone who really wasn't serious about going about the reasons we put you on the rider. The hearing here is unusual, and it's more difficult because we have the allegations of conduct based upon race. One thing it showed me is that the correction officers do have a very difficult job given the number of gangs that exist and the tension between the gangs. Undoubtedly there is tension. And that's something that is inherent in the system, I guess. But when I listened to your testimony originally and review it in the transcript, it seems to me that you have kind of gone to the other extreme in an attempt to inject race and racial

2

harassment into the proceedings as a justification for your actions.  The evidence establishes, I think pretty clearly, that the staff at the Cottonwood facility did not subject you to treatment or harassment based upon your race.

It is well established that an appellate court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence.  *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).  Accordingly, we hold that Allen has failed to show that the district court abused its discretion in not granting probation.

Allen also contends that the twice reduced sentence of a unified term of six years, with two years determinate, is excessive and constitutes an abuse of discretion.  Sentences are reviewed for an abuse of discretion.  Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established.  *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  As noted above, the district court found that probation was not an appropriate course of action in Allen's case.  The record does not indicate that a reduced sentence of a unified term of six years, with two years determinate, is excessive.

The order of the district court relinquishing jurisdiction and reducing Allen's sentence is affirmed.